# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JORDAN HARDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 19-2251-KHV-TJJ |
| | ) |
| UNIFIED GOVERNMENT OF | ) |
| WYANDOTTE COUNTY AND | ) |
| KANSAS CITY, KANSAS, and | ) |
| STEVEN RIOS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Unified Government of Wyandotte County/Kansas City, Kansas' Motion for Leave to File its Response to Plaintiff's Motion to Compel Document Production from Defendant Unified Government of Wyandotte County/Kansas City, Kansas Out of Time (ECF No. 73). Plaintiff opposes the motion (ECF No. 74). For the reasons discussed below, the Court grants the motion.

Plaintiff filed a motion to compel on May 12, 2020 (ECF No. 71). The motion seeks to compel production of documents from Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("the Unified Government"). The Unified Government's response was thus due May 26, 2020.[1] On May 27, 2020, the Unified Government filed the present motion, seeking leave to file its response to Plaintiff's motion to compel out of time. The Unified Government states counsel miscalculated the response deadline by one day. Additionally, the attorney handling discovery in this case unexpectedly left counsel's office recently.

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days.").

Plaintiff argues neither of these reasons show excusable neglect as required per D. Kan. Rule 6.1(a)(4).[2] "In determining whether the excusable neglect standard is met, this Court will consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."[3] Plaintiff argues the Unified Government failed to show excusable neglect because it did not even address the first, second, or fourth factors above, and the reasons for the delay are not sufficient to show excusable neglect.

Plaintiff acknowledges that there is likely no prejudice to her nor is any delay of the proceedings likely, given the pending motion was filed one day after the Unified Government's response was due. Plaintiff also does not allege the Unified Government acted in bad faith.

Although the Unified Government does not make any specific arguments regarding excusable neglect, this Court has previously found excusable neglect where a filing delay was due to counsel's inadvertent oversight and "there was no evidence of bad faith on counsel's part, no material delay in the proceedings, and no prejudice to the opposing parties."[4] That is the case here as well. The Unified Government's motion was filed only one day after the deadline for filing a response, and the proposed response was attached to the motion. There will therefore be no material delay to the proceedings and Plaintiff will not be prejudiced by the granting of the motion. There is also no indication of any bad faith by the Unified Government. Additionally,

---

[2] "Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."

[3] *A.H., ex rel. Hohe v. Knowledge Learning Corp.*, No. CIV.A. 09-2517-DJW, 2011 WL 1344146, at *1 (D. Kan. Apr. 8, 2011) (internal quotations omitted).

[4] *Id.* at *2 (citing *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-2662 JAR/DJW, 2011 WL 939182, at *2 (D. Kan. Feb. 25, 2011); *Zhu v. St. Francis Health Ctr.*, 413 F. Supp. 2d 1232, 1241 n.5 (D. Kan. 2006), aff'd and remanded sub nom. *Zhu v. St. Francis Health Ctr.*, 215 F. App'x 717 (10th Cir. 2007)).

courts prefer to resolve disputes on the merits.[5] Therefore, the Court grants the Unified Government's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Unified Government of Wyandotte County/Kansas City, Kansas' Motion for Leave to File its Response to Plaintiff's Motion to Compel Document Production from Defendant Unified Government of Wyandotte County/Kansas City, Kansas Out of Time (ECF No. 73) is granted. The Unified Government shall file the response attached to its motion (ECF No. 73-1) within three (3) days of the date of this order.

**IT IS SO ORDERED.**

Dated June 17, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[5] *See Settle v. Midland Funding, LLC*, No. 13-2308-JTM, 2013 WL 4437229, at *1 (D. Kan. Aug. 19, 2013).