**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JORDAN HARDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-2251-KHV-TJJ |
| | ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, and STEVEN RIOS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is the Motion to File Defendant Unified Government's Request for a Rule 35 Examination and for an Extension of the Mental Examination Deadline Under Seal (ECF No. 101). Defendant Unified Government of Wyandotte County and Kansas City, Kansas (the "UG") seeks to file its motion requesting a Rule 35 examination under seal because it discusses Plaintiff's medical records and her medical records are attached to the proposed motion. Neither Plaintiff nor Defendant Steven Rios oppose the motion. For the reasons discussed below, the Court will grant in part and deny in part the UG's motion.

"It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest."[1] However, the public's right of access is not absolute. "Because federal district courts have supervisory control over their own records and files, the decision whether to allow

[1] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (internal quotations omitted).

access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[2] A party seeking to file documents under seal has the burden of showing disclosure of such documents "in the public record would result in public or private harm" that would outweigh the public's right of access to the records.[3]

The Court finds that disclosure of Plaintiff's medical records in the public record would likely result in harm to Plaintiff that would outweigh the public's right of access. Therefore, the UG's motion is granted insofar as all of Plaintiff's medical records, included as a portion of ECF No. 101-1 and all of ECF No. 101-2, may be filed under seal. However, the motion is denied as to filing the motion itself under seal. Counsel shall instead file the motion but with the following paragraphs redacted, all of which discuss Plaintiff's medical records:

- Paragraph 4
- Paragraph 5
- The phrase "and medical records suggest" in Paragraph 6
- The second sentence of Paragraph 8
- The last sentence of Paragraph 9

Counsel is directed to file forthwith Plaintiff's medical records with an event from the SEALED DOCUMENTS category. The clerk shall grant access to sealed documents to counsel of record. Pro hac vice attorneys must obtain sealed documents from local counsel.

---

[2] *Id.* (internal quotations omitted).

[3] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05–2164–MLB–DWB, 2007 WL 101858, at *4 (D. Kan. (Jan. 10, 2007).

**IT IS THEREFORE ORDERED** that the Motion to File Defendant Unified Government's Request for a Rule 35 Examination and for an Extension of the Mental Examination Deadline Under Seal (ECF No. 101) is granted insofar as all of Plaintiff's medical records, included as a portion of ECF No. 101-1 and all of ECF No. 101-2 may be filed under seal.

**IT IS FURTHER ORDERED** that the subject Motion is denied insofar as it requests that the motion itself (contained in ECF No. 101) be filed under seal. Counsel shall instead file the motion (unsealed), but with the redactions noted herein.

**IT IS SO ORDERED.**

Dated August 7, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge